IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00402-KLM-BNB

DANIEL E. CAMERON,

    Plaintiff,

v.

SECRETARY OF THE ARMY

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss** [Docket No. 26; Filed June 28, 2010] (the "Motion"). The Court is exercising consent jurisdiction over this matter pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Plaintiff filed a Response to the Motion on July 16, 2010 [Docket No. 32] and Defendant filed a Reply on July 26, 2010 [Docket No. 33]. Having considered the pleadings and the docket in this case, the Court is fully advised of the issues. As such, the Motion is now ripe for resolution. For the reasons set forth below, the Motion is **DENIED IN PART** and **GRANTED IN PART.** The case is ordered **TRANSFERRED** to the United States Court of Federal Claims.

### I.     Factual Background

In August 2003, Plaintiff was an Oregon National Guard Lieutenant Colonel (O-5) and was ordered to active-duty (Title 10 status). *Amended Complaint* [#15] at ¶ 6. Plaintiff's orders, dated August 19, 2003, placed him on Active Guard and Reserve ("AGR")

1

status and assigned him to the Operations Directorate, U.S. Northern Command in Colorado Springs, Colorado with a reporting date of October 1, 2003. *Id.* By letter dated October 9, 2003, the Army National Guard ("ARNG") announced it would convene an Army National Guard Active Federal Service Continuation Board ("Board") which considers officers for continuation and subsequent duty in the AGR. *Id.* at ¶ 7. The ARNG announcement specified that all Title 10 AGR officers who would reach nineteen years of Active Federal Serve ("AFS") between July 1, 2004 and September 30, 2005 were to automatically have their records brought before and considered by the Board for continuation on active duty beyond retirement eligibility. *Id.*

Based on his years of service, Plaintiff asserts that his records should have been considered by the Board. *Id.* He alleges that his records were neither brought before or reviewed by the Board. *Id.* at ¶ 8. Plaintiff asserts that the Board did not consider him based on its erroneous allegation that he was ineligible because he was not in a Title 10 program. *Id.*

Plaintiff asserts that he then voluntarily applied for selective continuation outside of the Board process. *Id.* at ¶ 9. Plaintiff alleges that Defendant never officially responded to or acted upon that request. *Id.* Consequently, Plaintiff was involuntarily retired from the Army after twenty years of service on March 1, 2006. *See id.* at ¶ 10.

On June 1, 2006, Plaintiff asserts that he sought relief from the Board's decision by appealing to the Army Board for Correction of Military Records ("ABCMR") pursuant to 10 U.S.C. § 1552. *Id.* at ¶¶ 11-12. Plaintiff alleged that the Army denied him due process in the selective continuation consideration process guaranteed by its own regulations. *Id.* The ABCMR denied relief on March 26, 2007. *Id.* at ¶ 12. According to Plaintiff, the

ABCMR found that he was ineligible to have his records reviewed by the AFSTB and therefore not selected for retention beyond twenty years. *Id.* Plaintiff filed two more applications which were rejected by the ABCMR. *Id.* at ¶¶ 14, 15. Plaintiff's second application was rejected on April 10, 2008. *Id.* at ¶ 14. Plaintiff's third application was denied by the ABCMR, restating again that Plaintiff was ineligible for consideration. *Id.* at ¶ 15. However, Plaintiff was advised that he had exhausted his administrative remedies and thus had "the option to seek relief in a court of appropriate jurisdiction." *Id.* (citation omitted).

Plaintiff brings his claims pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, *et seq. Id.* at ¶ 5. Plaintiff seeks an order that Defendant reinstate him to Active Federal Service retroactive to his involuntary retirement date of March 1, 2006. *Id.* at 10. He also seeks correction of his military records to indicate that he was not retired on March 1, 2006, but instead continued on active federal service at the grade of colonel (O-6) through the date pending judgment in this case.[1] *Id.* Defendant moves for dismissal of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, to transfer the case to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1631. *Motion* [#26] at 1,7.

## II. Standard of Review

Because federal courts are courts of limited jurisdiction, the Court must have a statutory basis for exercising jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is to test

---

[1] Plaintiff also seeks an award of reasonable attorney fees, costs, and expenses in accordance with 5 U.S.C. § 504, *et seq*, and such other relief as the Court deems just and proper. *Id.*

whether the Court has subject-matter jurisdiction to hear the case before it. Dismissal of a federal claim for lack of jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) may take two forms: a facial attack or a factual attack. When reviewing a facial attack on a complaint pursuant to Fed. R. Civ. P. 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a factual attack on a complaint supported by affidavits and other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Fed. R. Civ. P. 56. *Id.* at 2003. Because it relies only on the allegations in Plaintiff's Amended Complaint, the Defendant's Motion mounts a facial attack. In reviewing a facial attack on the Amended Complaint, the Court must accept all allegations in the Amended Complaint as true. *Id.* at 1002.

### III. Analysis

#### A. Subject Matter Jurisdiction

In order to address whether the district court has subject matter jurisdiction over Plaintiff's claims, the Court looks to Plaintiff's Amended Complaint to determine if the relief he seeks is actually a disguised effort to obtain monetary damages from the United States. *Francis E. Heydt Co. v. United States*, 948 F.2d 672, 675-76 (10th Cir. 1991). The Court looks beyond the plain language of the Amended Complaint and looks to see if the "thrust

of the suit" is one seeking money from the federal government. *Normandy Apartments, Ltd. v. U.S. Dep't. of Housing and Urban Dev.,* 554 F.3d 1290, 1296 (10th Cir. 2009) (citations omitted).

Plaintiff does not explicitly seek monetary compensation as part of his claim for reinstatement and correction of military records. *See Complaint* [#15] at 10. Instead, Plaintiff asserts that the APA's limited waiver of sovereign immunity applies because he requests relief from agency actions in a form other than money damages and he has no other adequate remedy in any court. 5 U.S.C. §§ 702, *et seq.* Conversely, Defendant argues that Plaintiff's claim should be dismissed for lack of subject matter jurisdiction, or in the alternative, transferred to the Court of Federal Claims because: (1) the essential purpose of his Amended Complaint is to obtain monetary relief over $10,000; and (2) the APA does not apply because an adequate remedy exists in the Court of Federal Claims. *See* 28 U.S.C. §§ 1346, 1491.

"The Tucker Act, 28 U.S.C. §§ 1346, 1491, 'vests exclusive jurisdiction' with the Court of Federal Claims for claims against the United States founded upon the Constitution, Acts of Congress, executive regulations, or contracts and seeking amounts greater than $10,000." *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997) (quoting *New Mexico v. Regan*, 745 F.2d 1318, 1322 (10th Cir. 1984)); *see also Southeast Kansas Cmty. Action Program Inc. v. Sec'y of Agric.,* 967 F.2d 1452, 1455 (10th Cir. 1992); *Hamilton Stores, Inc. v. Hodel,* 925 F.2d 1272, 1277 (10th Cir. 1991). Moreover, "Tenth Circuit law is clear that Court of Federal Claims' exclusive jurisdiction may not be avoided by 'framing a complaint in the district court as one seeking injunctive, declaratory, or mandatory relief when, in reality, the thrust of the suit is one seeking money from the United States.'"

*Burkins,* 112 F.3d at 449 (quoting *Regan*, 745 F.3d at 1322). Therefore, if a complaint does not explicitly seek monetary relief, we look to whether the plaintiff's "prime objective" or "essential purpose" is to recover money, in an amount in excess of $10,000 from the federal government. *Id.*; *Southeast Kansas,* 967 F.2d at 1455; *Hamilton Stores*, 925 F.2d at 1278; *Regan*, 745 F.2d at 1322. Unless the non-monetary relief sought has "significant prospective effect" or "considerable value" apart from the claim for monetary relief, then a plaintiff's prime objective or essential purpose is monetary. *Burkins,* 112 F.3d at 449 (citations omitted). The district court should not assume jurisdiction over what is fundamentally a Tucker Act claim simply because a complaint contains requests for equitable relief. *New Mexico v. Regan*, 745 F.2d 1318, 1323 (10th Cir. 1984). The Federal Claims Court does not *lose* jurisdiction when equitable claims are asserted in conjunction with primary claims for money against the United States. *Id.* (emphasis in original).

Pursuant to Army Regulation 135-18, if the Board has selected Plaintiff for active duty continuation on March 1, 2006, his active duty extension would have expired on February 28, 2009.[2] Active duty status mandates pay. 37 U.S.C. § 204. Thus, if Plaintiff wanted active duty status retroactive to the date of his involuntary retirement, March 1, 2006, and ending at the completion of the three-year extension on February 28, 2009,

---

[2] AGR officers are released from active duty when they have attained twenty years of active service, unless approved for extension through a Board process. Army Regulation 135-18, ¶ 4-7(a), *available at* http://www.nv.ngb.army.mil/hro/agr/ArmyAGRreg.pdf (last visited August 2, 2010). Consideration of eligible officers for retention is automatic; therefore, officers need not apply for retention consideration. *Id.* at ¶ 4-7(b)(1). Extensions may be approved in three-year increments. *Id.* at ¶ 4-7(b). Had Plaintiff been selected for continuation from 2006 to 2009, he would have been eligible for consideration again by the Board for another three-year term of service lasting from 2009 to 2012.

6

Plaintiff would receive back pay and allowances of an O-6 officer well over $10,000.[3] Regardless of the language in Plaintiff's Amended Complaint, the direct consequence of succeeding on his claim is obtaining an award of back pay well over $10,000. For non-tort claims exceeding $10,000 against the United States, the Tucker Act vests exclusive jurisdiction with the Court of Federal Claims. *See* 28 U.S.C. §§ 1346, 1491; *Regan*, 745 F.2d at 1322.

Because the Federal Court of Claims offers Plaintiff a remedy, and the thrust of Plaintiff's suit for reinstatement and correction of military records reflecting retroactive active duty status mandates back pay, the thrust of Plaintiff's suit is monetary.[4] *See Mitchell v. United States*, 930 F.2d 893, 897 (Fed. Cir. 1991). For suits under the Tucker Act, the Court of Claims offers the precise sort of "special and adequate review procedures" that the APA requires to direct litigation away from the district courts. *Bowen,* 487 U.S. at 901. As such, the Court lacks subject matter jurisdiction over Plaintiff's case and it is subject to dismissal.

**B.     Transfer**

As an alternative to dismissal, the parties argue that the case should be transferred to the proper forum, the Court of Federal Claims. If "the interest of justice" so dictates, the

---

[3] Even a conservative reading of the Military Pay Charts, 2006-2009, *available at* http://www.dfas.mil/militarypay/militarypaytables.html (last visited August 2, 2010), show that Plaintiff would have earned above $10,000 from 2006-2009. Defendant estimates that Plaintiff's 2006-2009 pay would have been about $375,000. *Reply* [#33] at 2.

[4] "Litigation in the Claims Court can offer precisely the kind of 'special and adequate review procedures' that are needed to remedy particular categories of past injuries or labors for which various federal statutes provide compensation. Managing the relationships between States and the Federal Government that occur over time and that involve constantly shifting balance sheets requires a different sort of review and relief process. The APA is tailored to fit the latter situation; the Tucker Act, the former." *Bowen v. Massachusetts*, 487 U.S. 879, 905 (1988) (citation omitted).

Court shall cure a lack of jurisdiction by transferring an action to any other such court in which the action could have been filed. 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Under § 1631, factors warranting transfer rather than dismissal include: (1) the filing of a new action would be time barred; (2) the claims are likely to have merit; and (3) the original action was filed in good faith rather than after Plaintiff realized or should have realized that he or she filed the case in the improper forum. *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006).

The Court of Federal Claims has jurisdiction as long as "the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. A claim arising from an alleged military discharge accrues upon the date of removal from the service. *Hurick v. Lehman*, 782 F.2d 984, 986 (Fed. Cir. 1986). Plaintiff's case is not time barred by the statute of limitations because his claim accrued in 2006. However, other factors suggest transfer. Plaintiff's claim may have merit, and there is no indication that Plaintiff filed the case in this Court in anything but good faith. Because Plaintiff appears to have filed a meritorious case in good faith, transfer is in the interest of justice.

The Court of Federal Claims is the appropriate venue for Plaintiff's case for a number of reasons. That court may consider combined monetary and nonmonetary claims for relief pursuant to the Tucker Act. *Mitchell*, 930 F.2d at 896. The Court of Federal

Claims has jurisdiction to review decisions of military correction boards where such actions have monetary consequences. *Jones v. U.S.,* 7 Cl. Ct. 673, 677-78 (1985). "By statute, the Claims Court may, in appropriate military back pay cases, 'provide an entire remedy,' including 'restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records.'" *Mitchell,* 930 F.2d at 896. The Court of Federal Claims can supply Plaintiff with adequate review procedures and an entire remedy. *See id.*

Additionally, the Court of Claims may rectify a prejudicial injustice that contests the failure of a military correction board to correct an alleged legal or factual error. *Sanders v. United States*, 594 F.2d 894, 811 (Ct. Cl. 1979). The Court of Federal Claims also has extensive experience in reviewing military correctional board decisions in military back pay cases. *Mitchell,* 930 F.2d at 897. Finally, the parties agree that transfer to the Court of Federal Claims would be in the interest of justice. For all these reasons, transfer is the appropriate remedy.

## IV. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that Defendant's Motion [#26] is **DENIED IN PART** and **GRANTED IN PART**.

IT IS HEREBY **ORDERED** that the case is **TRANSFERRED** to the United States Court of Federal Claims.

DATED: August 11, 2010

BY THE COURT:
/s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix